```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Kenneth Barbour,                  :

            Plaintiff,            :  Case No.  2:10-cv-978

      v.                          :

Federal Prisons, et al.,          :  JUDGE SARGUS
                                     MAGISTRATE JUDGE KEMP
            Defendants.           :
```

                        REPORT AND RECOMMENDATION

    Plaintiff, a Virginia state prisoner, has submitted a request to file a civil action *in forma pauperis.*  Because his request was not accompanied by sufficient information to allow the Court to determine what filing fee to assess, the Court directed him to submit a certified account from the prison cashier which indicates both the average monthly balance in his account for the last six months and the amount of income credited to his account during those months.  That order stated that upon receipt of that information, the Court would calculate the initial partial filing fee and the monthly installments, and a separate order directing payment would issue.

    Plaintiff complied with that order, and also asked for leave to amend his complaint to include the Attorney General as an additional defendant.  His financial information shows a zero balance in his account and zero average monthly deposits.  However, for the following reasons, the Court concludes that he is not entitled to proceed *in forma pauperis*, and it will be recommended that this case be dismissed.

    In that section of the complaint asking about prior litigation, plaintiff identified six prior cases by number, followed by an "*et al.*"  In fact, a review of the docket of the

United States District Court for the Western District of Virginia shows that plaintiff has filed at least 67 cases in that judicial district.  Almost all of them have been summarily dismissed for the same reason - that plaintiff has had three or more cases dismissed previously for failure to state a claim, that he has been repeatedly told that he is not eligible to proceed *in forma pauperis* without alleging an imminent threat of serious injury, that he has not alleged such a threat, and that he has not paid the required filing fee.  See, e.g., orders issued in the following cases on the following dates:

| Case Number | Date of order |
|---|---|
| 7:09-cv-480 | November 25, 2009 |
| 7:10-cv-145 | March 31, 2010 |
| 7:10-cv-157 | April 23, 2010 |
| 7:10-cv-317 | July 28, 2010 |
| 7:10-cv-320 | July 28, 2010 |

This is a non-exhaustive list of this type of dismissal; there are many more.

It would appear that plaintiff filed his complaint in this court - which, incidentally, is nearly incomprehensible and which does not name any suable entity - in an effort to get around the fact that if he filed in his home district, his case would surely be dismissed.  He should fare no better here.  Clearly, under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. §1915(g), plaintiff is not entitled to proceed *in forma pauperis* based on a partial assessment of a filing fee.  He has made no allegation here that he is in imminent danger of serious harm.  It is also clear that he has been told repeatedly of the need to pay the filing fee and has chosen to file suits without doing so.  Like the district court in Virginia, this Court finds that his case ought to be dismissed at this juncture.  Therefore, it is recommended that the motion to proceed *in forma pauperis*

(#1) be denied and that this case be dismissed for failure to pay the required filing fee.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge