IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH BARBOUR,

      Plaintiff,

v.

FEDERAL PRISONS, et al.,

      Defendants.

Case No. 2:10-cv-978

JUDGE EDMUND A. SARGUS, JR.

Magistrate Judge Kemp

## OPINION AND ORDER

Kenneth Barbour is an inmate at the Red Onion State Prison located in Pound, Virginia. On October 29, 2010, he filed a complaint in this Court, along with a request to proceed *in forma pauperis*. After a lapse of time during which Mr. Barbour was asked to, and did, submit additional financial information, a Magistrate Judge filed a Report and Recommendation recommending that Mr. Barbour's request for leave to proceed *in forma pauperis* be denied and that this case be dismissed. Mr. Barbour filed objections to that recommendation. For the following reasons, and after a *de novo* review of the issues, see 28 U.S.C. §636(b)(1), the Court will overrule the objections and dismiss this case.

The basis for the recommended dismissal is plaintiff's failure to qualify to proceed *in forma paupers* under the "three strikes" provision of the Prison Litigation Reform Act. *See* 28 U.S.C. §1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). The Report and Recommendation noted that Mr. Barbour had filed at least 67 prior actions in the United States District Court for the Western District of Virginia and that most, if not all, of them had been dismissed for reasons which trigger the application of §1915(g). Additionally, the complaint did not allege that Mr. Barbour was under imminent danger of serious physical injury.

Mr. Barbour's objections do not address these issues. Rather, in his objections, he asks for leave to amend his complaint to name the Presidents of the United States in their official capacities as defendants. He also argues that this Court should, like the United States District Court for the District of South Carolina has recently done, allow him to proceed *in forma pauperis*. *See Barbour v. Greenville Correctional Center, et al.*, Case No. 9:10-2822-HFF-BM.

It is no answer to the requirement of dismissal contained in §1915(g) that some other court may have allowed Mr. Barbour to proceed, perhaps because that court was unaware of his extensive litigation history in yet a different district. Further, the case to which Mr. Barbour refers was dismissed on February 2, 2011, thus adding to the already lengthy list of cases filed by Mr. Barbour which have been dismissed. It appears that Mr. Barbour filed much the same request to amend in the South Carolina case that he did here. That court found his claims to be without merit because an action filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) cannot be maintained against government officials sued in their official capacities. This Court agrees, but need not reach the merits of that issue because §1915(g) presents an absolute bar to the continuation of this case.

For all of these reasons, the Court concludes that the Report and Recommendation

2

correctly concluded that Mr. Barbour may not maintain this action *in forma pauperis* due to the "three strikes" provision contained in 28 U.S.C. §1915(g). He has not paid, or offered to pay, the full filing fee. Finally, under any standard of review, his claims are frivolous. For these reasons, the Court **DENIES** Mr. Barbour's motion for leave to proceed *in forma pauperis* (#1) and **DISMISSES** this case. Under *In re Alea*, 286 F.3d 378 (6th Cir. 2002), this dismissal does not eliminate Mr. Barbour's obligation to pay the $350.00 filing fee, which was due at the time he filed his complaint, and that fee is consequently assessed as well.

**IT IS SO ORDERED.**

2-9-2011
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**